UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vern S. Hammond,                                           Civ. No. 11-2536 (PAM/FLN)

                       Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Michael J. Astrue, Commissioner
of Social Security,

                       Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated October 1, 2012. In the R&R, Magistrate Judge Noel recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Plaintiff Vern Hammond has been seeking social security disability benefits since 2001, when he filed an application for those benefits in Arizona, where he lived at the time. As set forth more fully in Magistrate Judge Noel's thorough R&R, Hammond's case has been in court on no fewer than three previous occasions, including one review by the Ninth Circuit

Court of Appeals. (R&R (Docket No. 27) at 2.) After stipulating to a remand to the Commissioner during the pendency of the Ninth Circuit appeal, Hammond moved to Minnesota. Minnesota Administrative Law Judge ("ALJ") Diane Townsend-Anderson held the fourth administrative hearing on Hammond's application in May 2010. The ALJ ultimately determined that Hammond was disabled as of 2009, but was not disabled before that date.

Hammond now appeals from the ALJ's determination that he was not disabled before February 2009. There is no dispute that the relevant dates for the disability determination are April 2001 through December 31, 2006, the last date Hammond was covered by social security disability insurance. (Id. at 3.) Hammond contends that he was completely disabled during this time period because of psoriatic arthritis and related depression. (Id.)

Hammond raises six objections to the R&R. The Court will discuss each objection in turn below.

**DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because

we would have decided the case differently.

<u>McKinney v. Apfel</u>, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

A.  **R&R discussed grounds not included in ALJ's decision**

Hammond first argues that the R&R's conclusions were based on grounds not included in the ALJ's decision. But as the Commissioner argues, if the ALJ's decision is thorough and based on specific findings in the record, then there is no danger of the post-hoc rationalization of which Hammond complains. Here, the ALJ's determination is clearly based on a complete review of all record evidence. The Magistrate Judge's decision to highlight some particular pieces of evidence on which the ALJ might not specifically have relied does not constitute post-hoc rationalization for the ALJ's opinion.

Moreover, Hammond fails to point the Court to any specific conclusion in the R&R that is grounded in reasoning not contained in the ALJ's decision. It is Hammond's burden to make specific objections to the R&R, and he has failed to do so here.

Hammond's objection on this point is without merit.

B.  **Rejection of treating physician's opinion**

Hammond next contends that the R&R erred in finding that the ALJ properly determined that the opinions of Hammond's treating physicians were not entitled to substantial weight. He points to three sentences in the ALJ's decision regarding Dr. Pace, and contends that these three sentences are insufficient to meet the regulations' requirements for rejecting a treating physician's opinion. (Pl.'s Obj. (Docket No. ) at 2-3.)

Hammond's discussion of this issue, however, neglects the ALJ's lengthy discussion of his treating physicians' findings, treatment notes, and opinions throughout the body of the ALJ's decision. Indeed, the ALJ thoroughly examined the medical records and concluded, quite rightly, that Dr. Pace's opinion that Hammond was totally disabled was not supported by Dr. Pace's relatively benign objective medical findings. The same is true with the opinions of Hammond's other treating physicians. The R&R did not err in upholding the ALJ's decision not to afford these opinions substantial weight in the final disability analysis.

**C.     Failure to evaluate two physicians' opinions**

Hammond next contends that the ALJ failed to address the opinions of two physicians, Dr. Carpenter and Dr. Stone. However, the ALJ did address Dr. Carpenter's opinion (Tr. at 694), and thus did not violate the regulations with respect to Dr. Carpenter.

The ALJ did not discuss Dr. Stone's opinions, but as the Commissioner pointed out in the briefing on the Motion for Summary Judgment, Dr. Stone's report "gives no indication as to whether he was a treating source, consultative examiner, or reviewing professional." (Def.'s Supp. Mem. (Docket No. 24) at 19.) It would have been preferable for the ALJ to acknowledge the presence of Dr. Stone's report and explain her decision not to credit it, but it is notable that Hammond does not argue that consideration of this report would have swayed the evidence in his favor. Absent some indication that he was harmed by the ALJ's likely inadvertent omission of a report from a questionable medical source, the Court will not overturn the R&R on this basis.

4

**D.    Failure to fully develop the record**

Hammond argues that the ALJ failed to fully develop the record by not obtaining the records of Hammond's psychological treatment. As in the briefing on the cross-Motions, however, Hammond does not point the Court to these allegedly missing records. It does not appear from the ALJ's discussion of the issue that she knew that other treatment records allegedly existed. Hammond cannot merely claim that treatment records were missing without either establishing that the ALJ knew the records were missing or providing the Court with the allegedly missing records. He has not succeeded in showing that the ALJ failed to fully develop the record.

**E.    Credibility determination**

The R&R approved the ALJ's assessment of Hammond's and his wife's credibility. In making that assessment, the ALJ discussed the medical records, the opinions of Hammond's treating physicians, the opinions of the consultative examiners, and Hammond's and his wife's description of his activity levels. Contrary to Hammond's allegations, the ALJ did not merely cite "boilerplate" language and make a blanket credibility determination. Her decision that neither Hammond nor his wife were completely credible is clearly based on all the evidence in the record, and is well-supported by that evidence. The R&R's finding with respect to the ALJ's credibility determination is therefore correct.

**F.    Hypothetical question**

Finally, Hammond takes issue with the hypothetical question the ALJ used, claiming that the question did not fully contain all of his limitations. But the Court has found that the

ALJ's determination of Hammond's impairments was based on substantial evidence in the record, and therefore the hypothetical she used adequately reflects those impairments. Hammond's objections on this point are without merit.

**CONCLUSION**

Hammond has not established that the R&R's conclusions are incorrect. Accordingly,

**IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 27) is **ADOPTED**;

2. Defendant's Motion for Summary Judgment (Docket No. 23) is **GRANTED**;

3. Plaintiff's Motion for Summary Judgment (Docket No. 16) is **DENIED**; and

4. This matter is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 25, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge